The Honorable David W. Christel

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

ALEXIS CHRISTENSEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

STUBHUB, INC.,

Defendant.

Case No. 2:25-cv-01957-DWC

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL ARBITRATION**

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION                    1
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

1    Plaintiff Alexis Christensen ("Plaintiff") files this Response in Opposition to
2 Defendant StubHub, Inc.'s ("StubHub" or "Defendant") Motion to Compel
3 Arbitration. Plaintiff respectfully requests that this Court to enter an order denying
4 StubHub's motion because StubHub has failed to meet its burden to establish the
5 existence of a valid arbitration agreement.

6

7                               **INTRODUCTION**

8    This case arises out of Plaintiff's purchase of tickets to see Taylor Swift's Eras
9 Tour with her family. In August 2024, Plaintiff purchased three tickets to the
10 December 6, 2024 performance of Taylor Swift's record-breaking Eras Tour at BC
11 Place in Vancouver, British Columbia for approximately $14,000 through
12 StubHub's platform. On the evening of the concert, StubHub informed Plaintiff that
13 the tickets she had purchased were not available, but StubHub assured her that,
14 pursuant to the terms of its Fan Protect Guarantee, StubHub would provide
15 comparable or better tickets no later than 60 minutes before the concert began.
16 Instead, just prior to the beginning of Swift's performance (and hours after BC Place
17 doors opened), StubHub provided Plaintiff with vastly cheaper tickets that were
18 plainly inferior to those she originally purchased, even though tickets comparable to
19 those she had originally purchased were still available on StubHub's platform. To
20 add insult to injury, StubHub pocketed the difference between the tickets and the
21 fees paid by buyer and seller, consequently unjustly enriching themselves to the tune
22 of thousands of dollars.

23    Plaintiff first sent a demand letter to StubHub in April 2025, notifying
24 StubHub of her dispute and intent to bring a class action lawsuit against StubHub.
25 StubHub's legal department responded to the demand letter in May 2025, and
26 thereafter, counsel for StubHub contacted Plaintiff's counsel to initiate pre-suit

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION                2
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

1  discussions. StubHub and Plaintiff's counsel spoke numerous times over the ensuing

2  months, but at no point in this process did StubHub assert that Plaintiff had agreed

3  to arbitrate all disputes. In fact, only when pre-suit negotiations broke down did

4  StubHub begin to assert its present position that Plaintiff's dispute is subject to

5  arbitration and that Plaintiff should be compelled to arbitrate. Then StubHub ceased

6  communication and commenced private arbitration against Plaintiff on September

7  16, the day before StubHub completed its initial public offering. As discussed in

8  detail below, StubHub's position cannot be squared with the law, and the court

9  should deny StubHub's motion because StubHub has failed to meet its burden to

10  establish the existence of a valid arbitration agreement. In the alternative, even if the

11  court finds that Plaintiff entered into a valid agreement, the arbitration provision is

12  void as a matter of California law, which is the applicable law pursuant to the choice

13  of law provision in the purported agreement.

14

15                                **LEGAL STANDARD**

16        Arbitration rules are typically governed by the Federal Arbitration Act ("FAA"),

17  9 U.S.C. § 1. But despite the federal interest in arbitration, "arbitration is a matter of

18  contract, and a party cannot be required to submit to arbitration any dispute which

19  he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S.

20  79, 83 (2002) (internal quotation omitted); *see also Volt Info. Scis., Inc. v. Bd. of Trs.*

21  *of Leland Stanford Junior Univ.,* 489 U.S. 468, 478 (1989) ("[T]he FAA does not

22  require parties to arbitrate when they have not agreed to do so."). "The party seeking

23  to compel arbitration bears the burden of proving the existence of an agreement to

24  arbitrate by a preponderance of the evidence." *Keebaugh v. Warner Bros. Ent. Inc*.,

25  100 F.4th 1005, 1013 (9th Cir. 2024) (internal quotation omitted).

26        "A party seeking to compel arbitration has the burden under the FAA to show (1)

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION            3
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc*., 785 F.3d 1320, 1323 (9th Cir. 2015). "A party cannot be ordered to arbitration unless there is 'an express, unequivocal agreement to that effect.'" *In re Zappos.com, Inc., Customer Data Sec. Breach Litig*., 893 F. Supp. 2d 1058, 1062 (D. Nev. 2012) (quoting *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011)).

## ARGUMENT

### I.     StubHub Fails to Meet its Burden of Establishing Plaintiff Assented to a Valid Agreement to Arbitrate

As the party seeking to compel arbitration, StubHub must prove "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey*, 785 F.3d at 1323; *Keebaugh*, 100 F.4th at 1013. StubHub has failed to carry its burden because it has not established the existence of a valid agreement to which Plaintiff has assented.

StubHub argues that, by virtue of creating an account and using StubHub's platform, Plaintiff agreed to StubHub's User Agreement. In support of this claim, StubHub submits a declaration and accompanying screenshots of StubHub's account creation page, which includes a hyperlink to StubHub's User Agreement embedded in a paragraph of small print. Declaration of Victor Gonzales in Support of Motion to Compel Arbitration and Stay Action ("Gonzales Decl."), Ex. B, Dkt. # 6-2 at p. 2. But the declaration and exhibits only reflect the account creation process *as it currently exists*. By StubHub's own admission, "Plaintiff registered her StubHub Account on May 23, 2018." Dkt. # 5 at p. 4. Even knowing this, StubHub did not produce any evidence that reflects the StubHub account creation process in effect in May 2018 when Plaintiff made her account. Instead, StubHub asserts without

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION
Case No. 2:25-Cv-01957-DWC

4

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

1   evidence that the User Agreement in effect at the time Plaintiff created her account

2   in May 2018 was "substantially similar" to the current User Agreement which took

3   effect in June 2022, over four years after Plaintiff created her account. Gonzales

4   Decl., Dkt. # 6 at p. 3, ¶ 12. Thus, StubHub presents no relevant evidence in support

5   of its assertion that Plaintiff assented when she created her account.

6       Moreover, a court in this District evaluating similar issues held that a user

7   clicking a button on a webpage does not manifest assent to the terms of a platform

8   when users would "then have to enter their information and enroll in order to

9   complete sign up." *Marshall v. Hipcamp Inc.*, 735 F. Supp. 3d 1283, 1294 (W.D.

10  Wash. 2024). In *Marshall*, the account sign up page provided hyperlinks to the terms

11  applicable to the platform, but the links "were not underlined, not set forth in a

12  different color to attract the reader's attention, not bolded, and were not in all-caps."

13  *Id.* (citing *Meyer v. Uber Techs., Inc.,* 868 F.3d 66, 78 (2nd Cir. 2017)). The court

14  applied Ninth Circuit precedent that "even close proximity of the hyperlink to

15  relevant buttons users must click on—without more—is insufficient to give rise to

16  constructive notice [of the terms]." *Id.* (quoting *Nguyen v. Barnes & Noble Inc.*, 763

17  F.3d 1171, 1179 (9th Cir. 2014)). Accordingly, the court held that Marshall "did not

18  as a reasonably prudent user, have sufficient notice by creating an account with

19  Hipcamp, that he would be bound by the terms of use" and so, "did not

20  unambiguously manifest assent" to the terms, and could not be compelled to

21  arbitration. *Id*. The same result should follow here, since clicking "Create Account"

22  on StubHub, if that is in fact the process that Plaintiff engaged with in 2018, is

23  insufficient to show Plaintiff's assent to StubHub's User Agreement. StubHub's

24  account creation page as presented shows only a "close proximity of the hyperlink

25  to the relevant buttons users must click on" and therefore does not give rise to

26  constructive notice of the arbitration provision.  Gonzales Decl., Ex. B, Dkt. # 6-2

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION
Case No. 2:25-Cv-01957-DWC

5

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

1    at p. 2; *Nguyen,* 763 F.3d at 1179.

2       The same reasoning applies to StubHub's sign in page, wherein users must

3 enter their email and password information and click a button in proximity to a

4 hyperlinked User Agreement.  Gonzales Decl., Ex. C, Dkt # 6-3 at p. 3.  The buttons

5 for the alternative sign in methods (*i.e.*, Facebook, Apple, and Google) are not even

6 in proximity to the hyperlink. *Id.* Moreover, this is not the account creation page that

7 appears after a user clicks "Create Account" from the sign-in page, as StubHub

8 states, but instead, a pop-up window appears which covers the hyperlink to the user

9 agreement, which is markedly different from the depiction in Exhibit B. Dkt. #6, ¶

10 5; Dkt. #6-2.

11       StubHub dealt with almost exactly this set of issues in a Texas state court case

12 in 2023, appealing the trial court's decision denying StubHub's motion to compel

13 arbitration to the Texas Court of Appeals. *StubHub, Inc. v. Ball*, 676 S.W.3d 193

14 (Tex. App. 2023). There, StubHub produced a declaration from a Supervisor of

15 Customer Experience attesting to the sign-up process, checkout process, and User

16 Agreement. *Id.* at 196-97. While the contents of the declaration were undisputed,

17 StubHub failed to provide a screenshot from its registration webpage. *Id.* at 203. The

18 court concluded that StubHub "ha[d] not conclusively established that it provided

19 Ball with sufficient notice of the User Agreement containing the arbitration

20 provision." *Id.*

21       Similarly here, StubHub has not advanced any "positive facts" indicating that

22 Plaintiff was on "reasonably conspicuous notice" of the arbitration clause and User

23 Agreement. *Id.* StubHub does not present ***any*** evidence of the account creation page

24 in effect at the time that Plaintiff created her account in May 2018, so on this record,

25 there is no evidence that StubHub conspicuously presented the User Agreement to

26 Plaintiff at the time that she began using StubHub's platform.

---

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION     6
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

StubHub's argument that Plaintiff was presented with the User Agreement at the time of her purchase also fails. StubHub's proffered declaration includes a screenshot of an excerpt of the "Buy Now" button on StubHub's checkout page. Gonzales Decl. Ex. D, Dkt. # 6-4. StubHub contends that this is notice of its User Agreement. Gonzales Decl., Dkt. # 6 at p. 3, ¶¶ 9-10. During StubHub's checkout process, users are ushered through a series of pages and directed to confirm or input information, like confirmation of ticket selection, confirmation of contact information for the tickets, and entry of payment method. On each of these separate pages, StubHub prominently notes the FanProtect guarantee, while also encouraging prompt completion of the transaction by displaying numerous graphical inducements to finish the transaction promptly, such as a countdown timer popup notifying users that they have an ever-shortening window of time to complete their purchase. However, none of these checkout process pages contain a hyperlink to the StubHub User Agreement or inform users that the purchase is subject to the User Agreement. Only on the final page, after a user has navigated through multiple pages of confirming their intent to purchase tickets, does StubHub include the hyperlink above the "Buy Now" button. Gonzales Decl. Ex. D, Dkt. # 6-4. The hyperlink itself is miniscule—approximately 120-by-15 pixels—and not easily spotted relative to the 313-by-60 pixel FanProtect guarantee statement (roughly 10-times larger) and 517-by-48 pixel "Buy Now" button (nearly 14-times larger) appearing on the same page.

Even setting aside that the exhibit proffered by StubHub does not accurately reflect the entire checkout process, the screenshot that StubHub attached of its "Buy Now" button does not show the words "User Agreement" anywhere, instead stating that "[b]y clicking the button below [users] acknowledge and accept our ***terms and conditions*** and privacy policy." Gonzales Decl. Ex. D, Dkt. # 6-4.  StubHub does

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION                    7
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

not refer to its User Agreement as "terms and conditions" and each of the other Exhibits specifically say "user agreement," not "terms and conditions." *See* Gonzales Decl., Exs. A-C, Dkts. # 6-1, 6-2, 6-3. By using different terminology, StubHub deceptively obscures its actual User Agreement so that users like Plaintiff are not placed on proper notice of the User Agreement at all.

## II.    Even If Plaintiff Assented, the Arbitration Provision is Unenforceable

Even if StubHub were able to establish that Plaintiff assented to the User Agreement, StubHub still cannot compel Plaintiff to arbitration because the Agreement to Arbitrate is unenforceable under StubHub's own severability clause.

When Plaintiff registered her StubHub Account in May 2018, StubHub's User Agreement contained a Severability clause that provided: "[i]f an arbitrator or court decides that any of the provisions in [the Prohibition of Class and Representative Actions and Non-Individualized Relief Section] is invalid or unenforceable, then *the entirety of this Agreement to Arbitrate shall be null and void*." Plaintiff's Request for Judicial Notice ("RJN"), Ex. A, Dkt. # 15-1 at p. 18, ¶ D (emphasis added). The Prohibition of Class and Representative Actions and Non-Individualized Relief Section states as follows:

> (a) Prohibition of Class and Representative Actions and Non-Individualized Relief
> You and StubHub agree that each of us may bring claims against the other only on an individual basis and not as a plaintiff or class action member in any purported class or representative action or proceeding. Unless both you and StubHub agree otherwise, the arbitrator may not consolidate or join more than one person's or party's claims and may not otherwise preside over any form of a consolidated, representative, or class proceeding. *Also, the arbitrator may award relief (including monetary,* **injunctive**, *and declaratory relief) only in favor of the individual party seeking relief and only to the extent necessary to provide relief necessitated by that party's individual claim(s). Any relief awarded cannot affect other StubHub users.*

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION          8
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

*Id.* (emphasis added).

Pursuant to the User Agreement, all claims or disputes arising under or in connection with the User Agreement must be governed by California law. RJN, Ex. A, Dkt. #15-1 at 15, ¶ 21; Gonzales Decl., Ex. A, Dkt. # 6-1 at 15, ¶ 21.1. And under California law, StubHub's Prohibition of Class and Representative Actions and Non-Individualized Relief is unenforceable because it impermissibly seeks to preclude users from seeking public injunctive relief in any forum. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 961 (2017) ("[I]nsofar as the arbitration provision here purports to waive [plaintiff's] right to request in any forum such public injunctive relief, it is invalid and unenforceable under California law.").

Because StubHub's Prohibition of Class and Representative Actions and Non-Individualized Relief is invalid and unenforceable under California law, StubHub's User Agreement dictates that the "entirety" of the Agreement to Arbitrate is "null and void." RJN, Ex. A, Dkt. # 15-1 at p. 18 ¶ D.

StubHub may seek to salvage its Agreement to Arbitrate by asking this court to consider the Severability clause in its current User Agreement. After Plaintiff registered her StubHub account in May 2018, StubHub updated its Severability clause to state that if the Prohibition of Class and Representative Actions and Non-Individualized Relief is invalid or unenforceable, then the entirety of the Agreement to Arbitrate shall be null and void "if [StubHub] so elect[s]." Gonzales Decl. Ex. A, Dkt. # 6-1 at p. 18. The User Agreement further provides that StubHub may unilaterally amend the User Agreement without first obtaining Plaintiff's consent. *Id.* at 18-19. StubHub's attempt to unilaterally determine whether to enforce the Agreement to Arbitrate, both by (a) updating the Severability clause without Plaintiff's consent, and (b) changing the terms of the Severability clause to afford StubHub sole discretion on enforceability renders the Agreement to Arbitrate

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION                    9
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

substantively unconscionable. *Ingle v. Circuit City Stores, Inc*., 328 F.3d 1165, 1179 (9th Cir. 2003) (a provision of an agreement which permits a company to unilaterally amend or terminate the agreement, even with written notice, is substantively unconscionable); *Douglas v. United States Dist. Court for the Cent. Dist. of Cal*., 495 F.3d 1062, 1066 (9th Cir. 2007) (per curiam), *cert. denied sub nom. Talk America, Inc. v. Douglas*, 552 U.S. 1242 (2008) ("[A] party can't unilaterally change the terms of a contract; it must obtain the other party's consent before doing so."). Accordingly, StubHub cannot evade the impact of its own 2018 Severability clause and unilaterally decide whether to arbitrate Plaintiff's claims. The Agreement to Arbitrate should be deemed "null and void," and StubHub has no basis for seeking to compel Plaintiff to arbitration.

## CONCLUSION

The Court should deny StubHub's Motion to Compel Arbitration and Stay Action because: (a) StubHub has failed to show that Plaintiff assented to its User Agreement, either when she created her account, signed in, or purchased her tickets, (b) the arbitration provision is unenforceable because StubHub can unilaterally elect whether to enforce it under its own terms, and/or (c) the arbitration provision is unenforceable because it denies users access to injunctive relief in the courts.

///

///

///

///

///

///

///

///

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION          10
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

Dated this 21st day of November, 2025.

I certify that this memorandum contains 2,731 words, in compliance with the Local Civil Rules.

**WALSH P.L.L.C.**

By: *s/ Bonner C. Walsh*
    Bonner C. Walsh (Bar No. 48915)
    *Bonner@walshpllc.com*
    1561 Long Haul Road
    Grangeville, ID 83530
    Telephone: (541) 359-2827
    Facsimile: (866) 503-8206

    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document and its exhibits has been furnished to counsel for Defendant, via the ECF System, in accordance with the Federal Rules of Civil Procedure, this 21st day of November, 2025.

By:   s/ Bonner C. Walsh
Bonner C. Walsh, WSB #48915

MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL ARBITRATION    11
Case No. 2:25-Cv-01957-DWC

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827